IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SE PROPERTY HOLDINGS, INC.,
an Ohio limited liability company,

      Plaintiff,

v.                                    CASE NO. 5:12-cv-155-RS-EMT

IOLA HOLDINGS, LLC, WILLIAM
J. RISH, RALPH P. RISH, KARA MARIE
JOHNSON, OWNERS ASSOCIATION
OF SUNSET VILLAGE, INC., and
CENTENNIAL BANK,

      Defendants.
_____/

## ORDER

Before me is Plaintiff's Motion to Strike the Affirmative Defenses of Defendants Iola Holdings, William Rish, and Ralph Rish (Doc. 32) and Defendants' Response (Doc. 34). This is an action to foreclose on real property and to recover damages from a breach of the promissory note that Defendants executed, and the repayment of which was personally guaranteed by the Defendants (Doc. 1). Defendants then filed their answer and affirmative defenses (Doc. 19). Plaintiff seeks to strike the four affirmative defenses stated in the Answer because they are legally insufficient and inapplicable to the facts alleged in the Complaint.

1

A motion to strike is a drastic remedy, which is disfavored by the courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). It is well established that motions to strike are usually denied unless the allegation has "no possible relation to the controversy and may cause prejudice to one of the parties." *Falzarano v. Retail Brand Alliance, Inc*, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (*citing Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Hutchings v. Federal Ins. Co.*, 2008 WL 4186994, at *2 (M.D. Fla. 2008).

Courts have held that an affirmative defense is legally insufficient if it is patently frivolous on the face of the pleadings, or if it clearly invalid as a matter of law. *Blount v. Blue Cross & Blue Shield of Fla., Inc.*, 2011 WL 672450, at *1 (M.D. Fla. 2011). Courts have acknowledged that eliminating legally insufficient defenses at an early stage of a lawsuit is beneficial because it avoids the needless expenditure of time and money to litigate issues that will ultimately have no bearing on the case. *First Specialty Ins. Corp. v. GRS Mgmt. Assocs. Inc.,* 2009 WL 2169869, at *2 (S.D. Fla. 2009).

*First Affirmative Defense—Election of Remedies*

Defendants' first affirmative defense is that "Plaintiff will have to elect its remedies (foreclosure or judgment on the instrument of indebtedness) before the conclusion of the instant case." (Doc. 19, p. 3). "The election of remedies

2

doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course." *Barbe v. Villeneuve*, 505 So. 2d 1331, 1332 (Fla. 1987). The Court in *Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C.* addressed the issue at hand:

> We disagree with the appellants' contention that the appellee's election to join its claim against the appellants in the foreclosure action precluded the appellee from obtaining a judgment against the appellants until the amount of the deficiency had been determined in the foreclosure action. A suit on a promissory note or the foreclosure of a mortgage securing that note are not inconsistent remedies available to a mortgagee, and pursuit of one without satisfaction is not a bar to the other. Similarly, a suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other.

438 So. 2d 408, 409 (Fla. 2d Dist. Ct. App. 1983)(internal citations omitted). Therefore, foreclosure on collateral securing a note and seeking damages for breaches of the underlying note and personal guaranties are not inconsistent remedies. Accordingly, the election of remedies affirmative defense cannot apply and is stricken.

*Second Affirmative Defense—Marshaling of Assets*

In their Response, Defendants withdraw the second affirmative defense. (Doc. 34, p. 9).

*Third Affirmative Defense—Assumption of the Risk*

3

For its third affirmative defense, Defendants claims that "Plaintiff assumed the risk that the value of its collateral might decrease over the life of the loan, such that Plaintiff is not entitled to its relief requested." (Doc. 19, p. 4). Assumption of the risk is a defense in tort actions. "Assumption of the risk" is when a "plaintiff who voluntarily assumes a risk of harm arising from the negligent or reckless conduct of the defendant cannot recover for such a harm." RESTATEMENT (SECOND) OF TORTS § 496A (2012). This action is to foreclose on real property and recover damages for breach of a note and personal guaranties, which are not tort actions. Therefore, the third affirmative defense is stricken.

*Fourth Affirmative Defense—Failure to Identify a Cause of Action*

Defendants' last affirmative defense is that "Plaintiff failed to identify a cause of action in Counts II through IV, such that Plaintiff is not entitled to its requested relief." (Doc. 19, p. 4). In the Verified Complaint, Plaintiff identified the following causes of action: Count II—Breach of Note (Iola), Count III—Breach of Guaranty (Rish), and Count IV—Breach of Guaranty (Rish). (Doc. 1). Therefore, Defendants' fourth affirmative defense is facially invalid and is stricken.

**IT IS ORDERED:**

1. The First, Third, and Fourth Affirmative Defenses are stricken pursuant to Fed. R. Civ. P. 12(f).

2. The Second Affirmative Defense is withdrawn.


**ORDERED** on July 31, 2012.

                                        <u>/S/ Richard Smoak</u>
                                        **RICHARD SMOAK**
                                        **UNITED STATES DISTRICT JUDGE**